Argued March 29, decided April 19, rehearing denied May 23, 1911.

## SMITH *v.* BAYER.

[115 Pac. 148.]

BILLS AND NOTES—ASSIGNMENT—ACTION—EVIDENCE OF TITLE.

1. Coupled with plaintiff's possession of a note executed to a corporation, its indorsement in the name of its treasurer, attested with an "O. K.," in the name of one by whom, as president, the name of the corporation was signed to the letter in which the note was sent plaintiff, with testimony of plaintiff that the treasurer's signature was in his handwriting, is *prima facie* evidence of plaintiff's ownership.

WITNESSES—CROSS-EXAMINATIONS—PARTY.

2. That the note sued on by an indorsee had previously been transferred to a third person by the payee, and settled for with such person by the maker, is not a subject for cross-examination of plaintiff, who had testified to the indorsement to him, but matter of defense.

BILLS AND NOTES—DEFENSE OF PAYMENT—SUFFICIENCY OF EVIDENCE.

3. Evidence in an action on a note *held* insufficient to show payment.

From Multnomah: JOHN B. CLELAND, Judge.

Statement by MR. CHIEF JUSTICE EAKIN.

This is an action by Milton W. Smith against J. C. Bayer and Peter Hobkirk on a promissory note given by defendants to the Concordia Loan & Trust Company, of Kansas City, Mo., bearing date of January 30, 1896, in the sum of $290, with interest at 10 per cent, and containing a provision for attorney's fees in case of action thereon. Certain payments were indorsed on the note, and it was transferred to plaintiff for collection.

The answer admits the execution of the note, but denies the indorsement thereof to plaintiff, and alleges that the Concordia Company transferred it to the Fidelity Trust Company on or before January 1, 1901, and alleges payment of the note to the latter in February, 1902.

At the close of the evidence plaintiff moved the court to direct a verdict in favor of plaintiff, which motion was allowed. Judgment was rendered upon the verdict, from which defendants appeal.                     AFFIRMED.

For appellant there was a brief and an oral argument by *Mr. Ralph R. Duniway.*

For respondent there was a brief and oral arguments by *Mr. Milton W. Smith* and *Mr. Zera Snow.*

Opinion by MR. CHIEF JUSTICE EAKIN.

There are many assignments of error based upon rulings of the court in sustaining objections to evidence offered by defendants, relating to the indorsement of the note to plaintiff; to the transfer of the note by the Concordia Company to the Fidelity Company; and to the settlement thereof by defendants with the latter company.

1. The note and indorsement thereon were offered in evidence, to which defendants objected, for the reason that the genuineness of the indorsement had not been established. It appears that the execution of the note was procured by plaintiff, as attorney for the Concordia Company, in connection with securing an extension of the time of payment of certain mortgage notes of the defendants in the hands of the Concordia Company, and was sent by him to the latter company for whom he had been doing business; that he was personally acquainted with A. D. Rider, treasurer of the Concordia Company, and knew his signature and handwriting, and testified that the signature to the indorsement was his; that he received the note from the company in a letter, of date

July 21, 1896, to which was signed the company's name by "F. Amelung, P.," who also attests the indorsement "O. K., F. Amelung." This, with possession of the note, is *prima facie* evidence of plaintiff's ownership thereof.

2. The cross-examination to which objections were sustained related to the transfer of the note by the Concordia Company to the Fidelity Company in 1899, for the purpose of showing that the note was subject to defenses available against the Fidelity Company. The indorsement on the note was for collection, and therefore subject to defenses against the Concordia Company or its successor in interest. But the ownership of the note by or the right of the Fidelity Company to settle the same were matters of defense, and not proper subjects for cross-examination. None of the evidence offered, either in the cross-examination of plaintiff or on the defense, tended to show a revocation of the transfer of the note to plaintiff.

3. The admissibility of the evidence offered on the defense as to the consolidation of the two companies and the correspondence by the Fidelity Company with J. Thorburn Ross, its agent, leading to the settlement of certain matters between defendants and the Fidelity Company, depended upon whether there was evidence tending to prove that the defendant did pay or otherwise settle the note with the Fidelity Company, and, treating all the evidence offered and excluded as before us, we find that there is no evidence of payment or settlement of the note with the Fidelity Company, and this renders the consideration of each exception separately unnecessary.

A letter by the Fidelity Company, dated March 5, 1901, to Mr. Ross, its agent in Portland, and with whom defendants claimed to have settled the note, relating to certain mortgage notes, contained a statement of the interest due on such notes and made special reference

to this note, urging its payment and offering to accept $125 in satisfaction thereof. On March 12, 1901, Mr. Ross made a statement to the defendants of the interest due, in which he included this note at $175, making a total due of $866.61; and in a later statement, not dated, but marked "Estimate for July 1, 1901," it is again included in a balance due of $946.74. But no settlement was made on either of these statements. On February 3, 1902, another statement was rendered by the Fidelity Company, showing the amount of interest due on certain mortgage notes to be $376.66. As shown by Ross' letter of April 7, 1902, to the Fidelity Company, settlement was made on April 5, 1902, with defendants for such accrued interest, according to the statement above mentioned, of date February 3, 1902, and including certain fees for securing the extension of the loans in the sum total of $552.66; and on April 14, 1902, the Fidelity Company acknowledged receipt of the same. These statements being itemized show that the payments did not include this note. Therefore, taking the whole of defendants' offers as admitted, they do not tend to show payment, and there is nothing in the letter of the Fidelity Company, of date February 3, 1902, indicating that this note is included in the statement or settlement thereof contemplated. Therefore none of the evidence offered by defendants and excluded could aid the defense, nor does it tend to prove the settlement of the notes by defendant. It was not error to sustain the objection thereto, and the order directing a verdict for the plaintiff was not error.

The judgment of the lower court is affirmed.

                                        AFFIRMED.